## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, | ) ) ) | |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) | |
| JOSEPH J. BURKE, as Administrative Manager, | ) ) ) | CIVIL ACTION |
| IRON WORKERS' LOCAL UNION #395, FRINGE BENEFIT FUNDS, | ) ) ) | NO. 1:13-cv-01622 |
| IRON WORKERS' LOCAL UNION #395, | ) ) | JUDGE JOHN W. DARRAH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| SECURITY INDUSTRIES, INC., an Indiana corporation, and DANNY S. JONES, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES

Come now Defendants, Security Industries, Inc. and Danny S. Jones, by counsel, Frederick L. Carpenter, and for their Answer to Plaintiffs' Complaint, state as follows:

### Count I
### (Claim under ERISA by Funds against SII)

1.      This action arises under the laws of the Untied States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** The allegations contained in Rhetorical Paragraph 1 call for a legal conclusion, and, accordingly, Defendants are not required to admit or deny the same. To the extent that a response is required, Defendants deny any allegations not specifically admitted herein.

2. The Funds are pension, welfare and related joint, labor-management funds and bring this action as "employee pension benefit plans," "employee welfare benefit plans" and "plans," under ERISA. Plaintiff, Joseph J. Burke, is the Administrative Manager of the Mid-America Funds and a fiduciary with respect thereto. The Mid-America Funds are administered within this District at 2350 E. 170th Street, Lansing, Illinois.

**ANSWER:** Defendants are without sufficient information to admit or deny the allegations contained in Rhetorical Paragraph 2, and therefore deny the same and demand strict proof thereof.

3. SII is obligated to report and pay fringe benefit contributions and/or wage deductions to the Funds under the terms of various collective bargaining agreements with Local 395 and other local unions affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, and pursuant to the Funds' respective Agreements and Declarations of Trust.

**ANSWER:** The allegations contained in Rhetorical Paragraph 3 reference agreements which are not attached to Plaintiffs' Complaint and Defendants are therefore unable to admit or deny the allegations contained herein and therefore deny the same and demand strict proof thereof.

4. As an employer obligated to report and pay fringe benefit contributions and wage deductions to the Funds, SII is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked by or paid to each and every person on whose behalf contributions are required to be made by SII to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To have a duly authorized agent verify said reports by signature and to accompany the reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of

3

auditing same, to determine whether SII is making full payment as required under the applicable agreements;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by SII's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages and interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)     To pay any and all costs incurred by Plaintiffs in auditing SII's payroll records, should it be determined that SII was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessary incurred in the prosecution of any action to require SII to submit its payroll books and records for audit, or to recover delinquent contributions;

(g)     To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:**     Defendants are without sufficient information to admit or deny the allegations contained in Rhetorical Paragraph 4, and therefore deny the same and demand strict proof thereof.

5.     SII is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

(a)     SII has failed and refused to verify and submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by SII thereon to be due Plaintiffs;

(b)     SII has made payment of contributions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the collective bargaining agreement and Trust Agreements. Plaintiffs have asserted liquidated damages and accrued interest against the SII as authorized by the Trust Agreements and ERISA, but SII has failed and refused to make payment of said liquidated damages and accrued interest.

**ANSWER:**     Defendants deny the allegations contained in Rhetorical Paragraph 5 of Plaintiffs' Complaint.

6.     That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by SII, there is a total of $140,176.96, known to be due Plaintiffs from SII,

subject however to the possibility that additional monies may be due Plaintiffs from SII based upon SII's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**ANSWER:**    Defendants deny the allegations contained in Rhetorical Paragraph 6 of Plaintiffs'

Complaint.

7.    Plaintiffs have requested that SII perform its obligations as aforesaid, but SII has failed and refused to so perform.

**ANSWER:**    Defendants deny the allegations contained in Rhetorical Paragraph 7 of Plaintiffs'

Complaint.

8.    SII's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:**    Defendants deny the allegations contained in Rhetorical Paragraph 8 of Plaintiffs'

Complaint.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their Complaint, further for

their costs herein expended and for all other relief just and proper in the premises.

/s/ Frederick L. Carpenter
Frederick L. Carpenter

**Count II**
**(Claim under LMRA by Local 395 against SII)**

9.    Plaintiffs reallege and incorporate by reference Paragraphs 2 through 8 into this Count.

**ANSWER:**    Defendants incorporate by reference their responses to Paragraphs 2 through 8

of Plaintiffs' Complaint as if fully set forth herein.

10.    This action arises under the laws of the United States and is brought pursuant to the terms of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185. Jurisdiction is based

upon the existence of questions arising thereunder as hereinafter more fully appears.  The rights asserted herein arise from the same series of transactions as Count I and there are common questions of law and facts to both Counts.

**ANSWER:** The allegations contained in Rhetorical Paragraph 10 call for a legal conclusion, and, accordingly, Defendants are not required to admit or deny the same. To the extent that a response is required, Defendants deny any allegations not specifically admitted herein.

11. Plaintiff, Local 395, is a labor organization representing certain of SII's employees as the duly authorized collective bargaining representative, and is party to a collective bargaining with SII.

**ANSWER:** Defendants are without sufficient information to admit or deny the allegations contained in Rhetorical Paragraph 11, and therefore deny the same and demand strict proof thereof.

12. Under the aforesaid collective bargaining agreement, SII agreed to deduct from the wages of those of its employees represented by Local 395, and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Local 395
on a monthly basis along with SII's regular fringe benefit reports and contributions as described in Count I of this Complaint.

**ANSWER:** The allegations contained in Rhetorical Paragraph 12 reference agreements which are not attached to Plaintiffs' Complaint and Defendants are therefore unable to admit or deny the allegations contained herein and therefore deny the same and demand strict proof thereof.

13. SII has deducted or has been required to deduct dues from the wages of its employees as required by the collective bargaining agreement, but has failed and refused to remit any part of such monies so deducted to Local 395, but has instead converted such monies to its own use.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 13 of Plaintiffs' Complaint.

14. The total amount of money that SII failed to remit to Local 395 in violation of the collective bargaining agreement totals at least $6,576.00.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 14 of Plaintiffs' Complaint.

15. SII's acts and omissions as described herein constitute a breach of the collective bargaining

7

agreement and entitle Local 395 to recover from SII all monies which SII was required to remit, whether deducted from wages or not and whether traceable or untraceable commingled with SII's assets, and further entitle Local 395 to recover from SII its damages for breach of SII's obligations.

**ANSWER:**     Defendants deny the allegations contained in Rhetorical Paragraph 15 of Plaintiffs' Complaint.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their Complaint, further for their costs herein expended and for all other relief just and proper in the premises.

/s/ Frederick L. Carpenter
Frederick L. Carpenter

## Count III
### (Claim for Breach of Promissory Note
### by all Plaintiffs against all Defendants)

16.     Plaintiffs reallege and incorporate by reference Paragraphs 2 through 15 into this Count.

**ANSWER:**     Defendants incorporate by reference their responses to Paragraphs 2 through 15 of Plaintiffs' Complaint as if fully set forth herein.

17.     Plaintiffs state that federal jurisdiction over this claim is also proper as this claim is "so related" to the claim in Counts I and II that it forms "part of the same case or controversy." 29 U.S.C. §1367.

**ANSWER:**     The allegations contained in Rhetorical Paragraph 17 call for a legal conclusion, and, accordingly, Defendants are not required to admit or deny the same. To the extent that a response is required, Defendants deny any allegations not specifically admitted herein.

18.     In or about August 2012, SII and Jones, entered into a Promissory Note to pay over time certain delinquent contributions and/or wage deductions due to the Plaintiffs for work in Local 395's jurisdiction for the months of May and June 2012, in the total amount of $101,477.66, plus interest.

**ANSWER:** The allegations contained in Rhetorical Paragraph 18 reference a Promissory Note which is not attached to Plaintiffs' Complaint and Defendants are therefore unable to admit or deny the allegations contained herein and therefore deny the same and demand strict proof thereof.

19. Defendants are in breach of the promissory note, because they failed to timely make the installment due January 31, 2013 and February 28, 2013, and because SII, failed to timely pay its regular contributions for the month of January 2013.

**ANSWER:** Defendants deny the allegations contained in Rhetorical Paragraph 19 of Plaintiffs' Complaint.

20. Defendants made five payments of $8,950.00, totaling $44,750.00, applied towards the Note. Of that amount, $2,917.03 was applied to interest, leaving a principal balance of $59,644.69, plus interest.

**ANSWER:** Defendants are without sufficient information to admit or deny the allegations contained in Rhetorical Paragraph 20, and therefore deny the same and demand strict proof thereof.

WHEREFORE, Defendants pray that Plaintiffs take nothing by way of their Complaint, further for their costs herein expended and for all other relief just and proper in the premises.

/s/ Frederick L. Carpenter
Frederick L. Carpenter

## AFFIRMATIVE DEFENSES

In addition and without prejudice to their respective denials of the allegations in the Complaint, and specifically disclaiming assumption of the burden of proof for any matter which operates as a negative defense rather than an affirmative defense, Defendants state as and for their Affirmative Defenses, without waiver to the obligation of Plaintiffs to prove each and every element of their claims, and pleading in the alternative, as follows:

9

1.      Plaintiffs failed to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

3.      Plaintiffs have failed to attach the alleged Collective Bargaining Agreements upon which Plaintiffs claim a breach thereof and Defendants reserve the right to assert affirmative defenses based upon the Collective Bargaining Agreements once they are produced.

4.      Plaintiffs have failed to attach the alleged Trust Agreement upon which Plaintiffs claim a breach thereof and Defendants reserve the right to assert affirmative defenses based upon the Trust Agreement once it is produced.

5.      Plaintiffs have failed to attach the alleged Promissory Note upon which Plaintiffs claim a breach thereof and Defendants reserve the right to assert affirmative defenses based upon the Promissory Note once it is produced.

6.      The alleged Promissory Note is invalid and unenforceable due to a lack of consideration.

7.      Defendants rely upon all defenses lawfully available to them at the time of trial and reserve the right to amend their Answer and Affirmative Defenses to include additional defenses after completion of discovery.

Respectfully submitted:

/s/ Frederick L. Carpenter
Frederick L. Carpenter
Attorney No. 25520-45 (Indiana)
DANIEL L. FREELAND & ASSOC., P.C.
9105 Indianapolis Blvd.
Highland, IN 46322
Telephone: 219/922-0800

Facsimile:  219/922-1261
e-mail: fcarpenter@dfreeland.com

## CERTIFICATE OF SERVICE

I certify that on the 11th day of April, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Catherine Marie Chapman
Patrick N. Ryan

/s/ Frederick L. Carpenter
Frederick L. Carpenter