UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRON WORKERS' MID-AMERICA PENSION PLAN; )
JOSEPH J. BURKE; IRON WORKERS' MID- )
AMERICA SUPPLEMENTAL ANNUITY FUND; )
IRON WORKERS' LOCAL 395 FRINGE BENEFIT )
FUNDS; and LOCAL UNION 395 OF THE )
INTERNATIONAL ASSOCIATION OF BRIDGE, ) Case No. 13-cv-1622
STRUCTURAL, ORNAMENTAL & REINFORCING )
IRON WORKERS, ) Judge John W. Darrah
)
      Plaintiffs, )
  v. )
)
SECURITY INDUSTRIES, INC., )
an Indiana corporation; and )
DANNY S. JONES, an individual, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs have brought this action against Defendant, Security Industries, Inc. ("Securities Industries"), to recover, *inter alia*, unpaid fringe benefit contributions, wage deductions and union dues, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145, and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA"). Plaintiffs also assert a pendent state law claim to enforce a promissory note against both Security Industries and Defendant Danny S. Jones. Plaintiffs have moved for summary judgment, arguing that the amounts due are undisputed. The matter has been fully briefed. For the reasons discussed below, Plaintiffs' Motion [11] is granted.

## BACKGROUND

Local Rule 56.1(a)(3) requires a party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue . . . ."

Local Rule 56.1(b)(3) requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); *see also EEOC v. Caterpillar Inc.*, 503 F. Supp. 2d 995, 1011n.14 (N.D. Ill. 2007). The failure to dispute any facts in an opponent's statement in the manner dictated by Local Rule 56.1 deems those facts admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Local Rule 56.1(b)(3)(C) further permits the non-movant to submit a statement "of any additional facts that require the denial of summary judgment . . . ." To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

      The majority of the operative facts in this case are undisputed. Plaintiffs, Iron Workers' Mid-America Pension Plan, Iron Workers' Mid-America Supplemental Annuity Fund (collectively, "Mid-America Funds"), and the Iron Workers' Local 395 Fringe Benefit Funds ("395 Funds") are jointly trusteed employee benefits trust funds that provide pension and welfare to their participants and related joint-labor management committees. (Pls.' Rule 56.1 Statement of Facts ("SOF") ¶ 1.) Plaintiff, Local Union 395 of the International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers ("Local 395"), is a labor union with its principal office located in Portage, Indiana. (SOF ¶ 2.) Defendant Security Industries, Inc.

("Security Industries") was a corporation located in Hobart, Indiana, until it ceased operating in the first half of 2013; Defendant Jones was its president and a 50 percent shareholder. (SOF ¶ 3.)

Security Industries had various collective bargaining agreements with Local 395 and another union, Iron Workers Local 63 ("Local 63.) Pursuant to those agreements, Security Industries was required to report and pay fringe benefit contributions and wage deductions at contractual rates on behalf of the covered workers; late contributions and wage deductions were assessed liquidated damages and permitted the recovery of attorney's fees and costs against the employer. (SOF ¶¶ 7, 10, 13.) Specifically, with respect to the agreement with Local 395, Security Industries was required to report and pay fringe contributions to the Mid-America Funds, as well as other funds. Security Industries was also required to withhold specified amounts from its covered employees' wages and to pay such amounts to Local 395 and other related entities. Late contributions and wage deductions were to be assessed liquidated damages at the flat rate of 15 percent of the late contributions and wage deductions. (SOF ¶¶ 8-10.) With respect to Local 63, Security Industries was required to make contributions to various pension and welfare funds, including the Mid-America Funds; late contributions were to be assessed liquidated damages at the rate of 15 percent and made the employer liable for reasonable attorney's fees, as provided in the Mid-America Funds' Trust Agreements. (SOF ¶¶ 11-13.)

*Delinquent Contributions and Liquidated Damages Based on Employer Reports*

Security Industries submitted reports on the contributions and wage deductions with respect to work done by Local 395 and Local 63, which identified the total hours worked for which contributions and wage deductions were due, as well as the applicable contribution rates. (SOF ¶ 15.) Specifically, Security Industries submitted reports for Local 395 work for September 2012 and January 2013 through March 2013 without full payment of all contributions

due thereon. (SOF ¶ 16.) Based on those reports, Plaintiffs claim that Security Industries owes Local 395 and the 395 Funds contributions and wage deductions totaling $99,641.77, and liquidated damages in the amount of $14, 946.27, calculated at a rate of 15 percent. (SOF ¶ 17.)

Security Industries also submitted reports to Mid-America Funds for work in Local 63's jurisdiction for the months of September 2012 through November 2012 and January 2013 through March 2013, and for September 2012 and January 2013 through March 2013. Based on those reports, Plaintiffs claim that Security Industries owes the Mid-America Funds contributions totaling $104, 268.45, with liquidated damages in the amount of $4,476.81. (SOF ¶¶ 19-20.) Furthermore, Security Industries paid late contributions to Mid-America Funds for May 2012 through September 2012, and owes $5,154.69 in liquidated damages as a result. (SOF ¶ 22.)

*The 395 Funds' Payroll Review*

The 395 Funds, through Stewart C. Miller & Co., also conducted a payroll compliance report for the period April 1, 2012 to March 17, 2013. The resulting "Miller Report" identified additional contributions due from Security Industries to the 395 Funds totaling $51,998.36, plus liquidated damages of $7,799.75. Plaintiffs claim that, once outstanding debit memos of $341.56 due Security Industries are applied, the total due to the 395 Funds is $60,139.67. (SOF ¶¶ 23-25.)

*The Promissory Note*

Security Industries was also delinquent with respect to contributions and wage deductions due Plaintiffs for work in Local 395's jurisdiction for May and June 2012. (SOF ¶ 26.) To cure that delinquency, Security Industries and Plaintiffs negotiated a Promissory Note, through which Security Industries agreed to pay $101,477.66 by July 30, 2013. (SOF ¶ 26.) The Note further provided that Defendant Jones would be personally liable for any unpaid amounts due under the

4

Note. (SOF ¶ 27.) Plaintiffs only received the first five payments due under the Note, leaving a balance due of $61,267.83 (principal of $59.644.69 and $1,623.14.). (SOF ¶ 29.)

Plaintiffs have moved for summary judgment against both Security Industries and Jones. Defendants do not dispute that they owe money to Plaintiffs, but rather contend that there is an issue of material facts as to the amount owed.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but, rather, "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not enough to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a motion for summary judgment, the court views the evidence in a light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005)

(citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

*Counts I and II*

As there is factual overlap between Counts I and II, these counts will be addressed together. In Count I, Plaintiffs, Mid-America Funds and 395 Funds, seek to recover, under ERISA, the unpaid fringe benefits contributions and wage deductions from Security Industries, as required by the collective bargaining agreements. Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. As third-party beneficiaries of the collective bargaining agreements at issue, Plaintiffs Mid-America Funds and 395 Funds have "an independent statutory right under § 515 of ERISA to enforce contribution obligations" imposed on the employer, Security Industries. *Central States, S.E. & S.W. Areas Pension Fund v. Sara Lee Bakery Group, Inc.*, 660 F. Supp. 2d 900, 909 (N.D. Ill. 2009) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1152-56 (7th Cir. 1989) (*en banc*)). Section 1132(g) of ERISA permits the recovery of the unpaid contributions, interest, liquidated damages, reasonable attorney's fees and costs, and other legal or equitable relief deemed appropriate by the court.

In Count II, Plaintiff Local 395 seeks to enforce, under the LMRA, the collective bargaining agreement against Security Industries. Section 301(a) of the LMRA, 29 U.S.C.

§ 185, permits actions in federal district court for "violations of contracts between an employer and a labor organization . . . ." 29 U.S.C. § 185(a).

It is undisputed that Security Industries has breached the collective bargaining agreements and failed to pay all its obligated contributions and withheld deductions to Plaintiffs. Plaintiffs have submitted documentation demonstrating the amounts owed to Plaintiffs. (*See generally* Appendix to Pls.' Rule 56.1 Statement.) Indeed, Defendants do not specifically dispute the vast majority of the amounts owed to Plaintiffs. Rather, in their Response brief, Defendants take issue with two specific amounts – a liquidated damages amount, as found in an exhibit submitted by Plaintiffs, and an amount paid for the month of September 2012.

As a preliminary matter, Defendants have failed to properly comply with Local Rule 56.1(b)(3) for disputing Plaintiffs' Statement of Material Facts. As discussed above, Rule 56.1(b)(3) requires that the opposing party support any disagreements with "specific references to the affidavits, part of the record, and other supporting materials relied upon." In their Rule 56.1(b)(3) Response, Defendants have failed to include any record cites and have left their denials unsupported. (*See, e.g.,* Defs' 56.1(b)(3) Resp. ¶¶ 22, 23.) Defendants' failure to properly dispute Plaintiffs' Statement of Material Facts means that those facts are deemed admitted for purposes of summary judgment. *See Smith*, 321 F.3d at 683; *see also Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (the district court has discretion to require strict compliance with its local rules governing summary judgment). Summary judgment is proper in favor of Plaintiffs on this reason alone.

However, in the interest of completeness, Defendants' asserted "disputed" issues will be addressed. In their Statement of Additional Facts, Defendants claim that Plaintiffs' liquidated damages are inaccurate because the amount identified in Plaintiffs' Exhibit 7 is different than the

7

amount identified in Plaintiffs' Exhibit 8. (*See* Defs' Statement of Additional Contested Material Facts ¶¶ 2-3.) As Plaintiffs explain, the liquidated damages contained in Exhibit 7 pertain to unpaid contributions; the liquidated damages contained in Exhibit 8 pertain to contributions that were paid late by Security Industries. Therefore, these numbers are properly different and do not create a genuine issue of material fact.

Defendants also assert that Plaintiffs were paid contributions for Local 395's work for the month of September 2012 and point to two contribution reports with a total payment of $39, 807.09. (*See id.* ¶ 4.) Plaintiffs acknowledge that they were paid contributions for the two reports referenced by Defendants. However, Plaintiffs point to two *additional* contribution reports for September 2012 that were produced by Defendants during discovery and for which Plaintiffs did not receive contribution payments. Defendants have not demonstrated that an issue of material fact exists with respect to that additionally owed amount.

There is no genuine issue of material fact as to the amounts owed by Security Industries to Plaintiffs, and therefore, summary judgment is properly granted in Plaintiffs' favor. Judgment in the amount of $288,627.66 is awarded against Security Industries and in favor of Plaintiffs.

*The Promissory Note*

In Count III, Plaintiffs assert a breach of contract claim based on the Promissory Note signed by both Defendants. Plaintiffs argue that they are entitled to summary judgment against Security Industries and Jones for the outstanding balance of $59,644.69 plus remaining interest of $1,623.14, for a total amount of $61,267.83. Defendants do not dispute that they are liable for this amount and, indeed, do not even address this count in their response brief. As there is no genuine issue of material fact on this issue, summary judgment is awarded in favor of Plaintiffs against Security Industries and Jones, jointly and severally, in the amount of $61,267.83.

**CONCLUSION**

Plaintiffs' Motion for Summary Judgment [11] is granted. Judgment is awarded in the amount of $288,627.66, plus post-judgment interest, against Defendant Security Industries. Judgment is awarded in the amount of $61,267.83, plus post-judgment interest, against Defendants, Security Industries and Jones, jointly and severally. Plaintiffs are further granted leave to file a bill of costs and a motion supporting their request for attorney's fees.

Date:  February 12, 2014

JOHN W. DARRAH
United States District Court Judge