UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, *et. al.*, | ) ) ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-1622 |
| SECURITY INDUSTRIES, INC, an Indiana Corporation, and DANNY S. JONES, an individual, | ) ) Honorable John W. Darrah ) ) |
| Defendants, | ) |
| and | ) |
| @ HOLDINGS, LLC, | ) |
| Citation Respondent, | ) |
| and | ) |
| PEOPLES BANK, SB, | ) |
| Adverse Claimant. | ) |

**ADVERSE CLAIM OF PEOPLES BANK, SB.**

NOW COMES Peoples Bank, SB ("Peoples"), by and through its counsel Christian J. Jorgensen or Dressler | Peters, LLC, and for its adverse claim in response to Plaintiffs' Motion for Turn-Over Order Against Citation Respondent (the "Motion") @ HOLDINGS, LLC ("Holdings") pursuant to 735 ILCS 1402(g), states as follows:

**I.      Statement of facts and background.**

On March 8, 2013, the Defendant sought a business loan from Peoples in the amount of $628,000.00 (the "Business Loan") and executed the following documents in furtherance thereof: (1) Business Loan Agreement No. 60500017134-1, a true and correct copy of which is

1

attached hereto as Exhibit A; (2) Promissory Note No. 60500017134-1, a true and correct copy of which is attached hereto as Exhibit B, and; (3) Real Estate Mortgage, Security Agreement, Security Agreement, Collateral Assignment of Rents and Leases, and Fixture Filing (the "Mortgage"), a copy of which is attached hereto as Exhibit C.[1]

The Defendant mortgaged a commercial property commonly known as 1000 Georgiana Street in Hobart, Indiana, County of Lake (the "Property"), as security for the Business Loan. (Exhibit C, Exhibit A thereto). The Defendant is mortgagor and Peoples is mortgagee. *Id*. The Mortgage was filed in the office of the Lake County Indiana Recorder on July 28, 2010 as Document 20100429942 as authenticated by the Clerk's stamp thereon. (F.R.E. 901(a)(A); Exhibit C, Exhibit A thereto).[2] The Property contained units which the Defendant leased and, in turn, used the rental income to pay Peoples under the Promissory Note and Business Loan Agreement. As its full name suggests, the Mortgage contained an "assignment of leases and rents" provision at Section 2.15 which states that:

> As further security for payment of the indebtedness and performance of the Obligations, covenants and agreements secured hereby, the Mortgagor hereby assigns to the Mortgagee all leases already in existence and to be created in the future, together with all rents to become due under existing or future leases. The Mortgagor hereby confers on the Mortgagee the exclusive power, to be used or not be used in its sole discretion, to act as agent, or to appoint a third person to act as agent for the Mortgagor, with power to take possession of, and collect all rents arising from, the Real Estate and apply such rents, at the option of the Mortgagee, to the payment of the mortgage debt, taxes, costs of maintenance, repairs, expenses incident to managing, and other expenses, in such order of priority as the Mortgagee may in its sole discretion determine, and to turn any balance remaining over to the Mortgagor; but such collection of rents shall not operate as an affirmance of the tenant or lease profits actually received by the Mortgagee. In

---

[1] Section I of the Real Estate Mortgage was modified in an insignificant way on March 8, 2013, to reflect a modification in the Defendant's indebtedness. A true and correct copy of the First Mortgage Modification Agreement is attached hereto as Exhibit D and was recorded in the Lake County Indiana Recorder's Office on March 15, 2013, as indicated by the Clerk's stamp.

[2] Peoples can supply a certified copy of the recorded Mortgage from the Lake County Recorder's Office pursuant to F.R.E. 902(4) if authenticity of the stamp is challenged by Plaintiffs and requests leave to do so, if necessary.

> exercising any of the powers contained in this section, the Mortgagee may also take possession of, and for these purposes use, any and all personal property contained in or on the Real Estate and used by the Mortgagor in the rental or leasing thereof or any part thereof. Mortgagor does not assign to Mortgagee any of Mortgagor's obligations under any such lease, and Mortgagor shall be and remain solely responsible for performing or fulfilling such obligations. **Mortgagor agrees that if a default occurs, Mortgagee may immediately notify any lessee of the Real Estate of such default and direct that all rental payments be paid directly to Mortgagee pursuant to this assignment. Mortgagee hereby directs each such lessee of the Real Estate to make all rental payments required to be made under the terms of any lease directly to Mortgagee, or at such other place as the Mortgagee may from time to time specify**.

(*emphasis added*). (Exhibit C).

On February 12, 2014, Plaintiffs obtained a judgment against the Defendant in the amount of $61,267.83. (D.E. 29-31). On or about August 10, 2016, Plaintiffs served a Third-Party Citation to Discover Assets upon the Citation Respondent Holdings. (D.E. 40). In response to the Third-Party Citation Holdings indicated that it made monthly rental/lease payments to Defendant in the amount of $15,000.00. (D.E. 43). Consequently, on September 12, 2016, Plaintiffs filed the Motion requesting a turnover of the entire rental/lease amount paid by Holdings to Defendant to satisfy their judgment. (D.E. 42).

On October 14, 2016, Peoples sent Defendant a "notice of default, reservation of rights, and demand for payment/ Loan 60500017134-1," a true and correct copy of which is attached hereto as Exhibit E. Also on October 14, 2016, Peoples sent Holdings a notice advising it of Peoples' immediate enforcement of the assignment of rents set forth within the Mortgage and instructing it to forward "all rents due and unpaid" to Peoples, a true and correct copy of which is attached hereto as Exhibit F.

As set forth below, Plaintiffs are not entitled to a turn-over order of the monthly rental/lease payments made by Holdings to Defendant as Peoples possesses a preexisting perfected lien over all such rental payments pursuant to: (1) the recorded assignment of rent

3

incorporated within the Mortgage; (2) Indiana Code § 32-21-4-2, *et. seq*, and; (3) Defendant's default under the terms of the Business Loan Agreement, Promissory Note and Mortgage.

## II. Applicable procedural law.

Execution on a money judgment entered in a federal court is governed by Fed. R. Civ. P. 69. Pursuant to Fed. R. Civ. P. 69(a), the "proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located…," which in this instance is the State of Illinois. Pursuant to 735 ILCS 5/2-1402(g), "[i]f it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person, the court shall, as in a garnishment proceeding, permit or require the claimant to appear and maintain his or her right. The right of the person cited and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings."

The relevant law relating to garnishment proceedings in Illinois is found at 735 ILCS 5/12-710 and states, in pertinent part, as follows:

> **Adverse claims; Trial.**
>
> (a) In the event any indebtedness or other property due from or in the possession of a garnishee is claimed by any other person, the court shall permit the claimant to appear and maintain his or her claim. A claimant not voluntarily appearing shall be served with notice as the court shall direct. If a claimant fails to appear after being served with notice in the manner directed, he or she shall be concluded by the judgment entered in the garnishment proceeding.
>
> (b) If the adverse claimant appears and, within the time the court allows, files his or her claim and serves a copy thereof upon the judgment creditor, the judgment debtor, and the garnishee, he or she is then a party to the garnishment proceeding; and his or her claim shall be tried and determined with the other issues in the garnishment action…

Peoples files this Adverse Claim pursuant to the provisions of both 735 ILCS 5/2-1402 and 5/12-710 and has, via ECF, served a copy upon the judgment creditors (Plaintiffs), the judgment debtor (Defendant) and the garnishee (Citation Respondent Holdings). As such, Peoples should

4

be deemed a party to this supplemental proceeding and its Adverse Claim should be determined as set forth herein and by the Court's subsequent order(s).

### III. Argument.

Peoples has a valid, perfected and preexisting lien on all rents payable and due to Defendant by Holdings via the recorded Mortgage. Pursuant to Indiana Code § 32-21-4-2, Peoples' assignment of rents was immediately perfected when it recorded the Mortgage on July 28, 2010. Section 32-21-4-2 states, in pertinent part, that:

> **Recording of assignments, mortgages, and pledge of rents and profits intended as security**
>
> **Sec. 2.**
>
> (a) This section applies to an instrument regardless of when the instrument was recorded, except that this section does not divest rights that vested before May 1, 1993.
>
> (b) An assignment, a mortgage, or a pledge of rents and profits arising from real estate that is intended as security, whether contained in a separate instrument or otherwise, must be recorded under section 1 of this chapter.
>
> (c) When an assignment, a mortgage, or a pledge of rents and profits is recorded under subsection (b), the security interest of the assignee, mortgagee, or pledgee is immediately perfected as to the assignor, mortgagor, pledgor, and any third parties:
>
>    (1) regardless of whether the assignment, mortgage, or pledge is operative:
>       (A) immediately;
>       (B) upon the occurrence of a default; or
>       (C) under any other circumstances; and
>    (2) without the holder of the security interest taking any further action.

(Ind. Code Ann. § 32-21-4-2 (West)).

Section One of Ind. Code Ann. § 32-21-4-2 states, simply, that: "(a) The following must be recorded in the recorder's office of the county where the land is situated…" A "rentals provision in [a] mortgage create[s] a perfected security interest in rentals received at any time. Ind.Code § 32–21–4–2(c); *Chase Commercial Corp. v. Brandt ex rel. Creditors of AnaMag, Inc.*, 1999 WL

965843, at *1–2 (N.D.Ill. Oct. 14, 1999); *see also Uniform Assignment of Rents Act*, § 5 and comment 2 (2005) ('roughly one-third of the states [, including Indiana,] have enacted statutes making clear that an assignment of rents is 'perfected,' without regard to whether the mortgagee has taken any steps to 'activate' or 'enforce' that assignment')." *Bloomfield State Bank v. United States*, 644 F.3d 521, 523 (7th Cir. 2011).

The Property is located in Lake County, Indiana. (Exhibit C, Exhibit A thereto). Plaintiffs cannot seriously dispute that Peoples recorded the Mortgage, containing the assignment of rents, in the Lake County Recorder's Office as prescribed under Section One of Indiana Code § 32-21-4-2. As such, the assignment of rents was "immediately perfected" as to "third parties" such as Plaintiffs on July 28, 2010, regardless of whether an occurrence of default had yet occurred. Now that the Defendant has been defaulted and Peoples has sent notice to Holdings as identified in Exhibits E and F, it is entitled to all rents currently due and due in the future based upon its prior perfected lien. Consequently, Plaintiff's Motion should be denied and the lien/freeze asserted over the rental payments pursuant to 735 ILCS 5/2-1402(m)(2) should be vacated.

**VII.   Prayer for relief**.

Wherefore, based upon its' lien priority, Peoples respectfully requests that the Court deny Plaintiffs' Motion for Turn-Over Against Citation Respondent @ Holdings, Inc. (D.E. 41) in its entirety, vacate the lien/freeze asserted over the rental payments pursuant to 735 ILCS 5/2-1402(m)(2), and grant any and all further relief that this Court deems just.

Respectfully Submitted,

Peoples Bank, SB.

By: \_\_/s/ Christian J. Jorgensen_____
      One of Its Attorneys

Christian J. Jorgensen
ARDC # 6243203
Indiana Bar # 24032-45
Dressler | Peters. LLC
111 West Washington
Suite 1900
Chicago, IL 60602
312-602-7365
jorgensen@dresslerpeters.com

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, states that she electronically filed the foregoing **ADVERSE CLAIM** with the clerk of the Court for the Northern District of Illinois using the CM/ECF system which has provided service to all parties of record.

                        By:    /s/ Rachel McCandless_____
                                  Rachel McCandless